UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

         - against -                 **MEMORANDUM AND ORDER**

JOSE RIVERA,                             Case No. 96-CR-1044-3

         Defendant.
-------------------------------------------------------- X

DEARIE, District Judge

    In 1998, petitioner Jose Rivera was sentenced to a lengthy term of imprisonment and to pay restitution of $220,580 at the rate of $15 per month during his incarceration. See Amended Judgment, Dkt. No. 411. In 2016, he moved to vacate or reduce his restitution obligation; this Court denied that motion. See Memorandum and Order, Dkt. No. 345. Mr. Rivera now moves the Court to adjust his restitution payments or, in the alternative, to terminate his liability to pay restitution. See Motion, Dkt. No. 439. Both requests are denied.

    Citing 18 U.S.C. § 3572(d)(3), Mr. Rivera asks the Court to defer his obligation to pay restitution until the COVID-19 pandemic abates. Section 3572(d)(3) does not apply to restitution payments; it applies only to a "judgment for a fine." Because Mr. Rivera was not sentenced to pay a fine, he is not entitled to relief under § 3572(d)(3).

    Because the submissions of pro se litigants are entitled to liberal construction, see Green v. United States, 260 F.3d 78, 83 (2d Cir. 2011), the Court will consider whether Mr. Rivera is entitled to relief under 18 U.S.C. § 3664(k), the statute that *does* permit a district court to adjust a restitution payment schedule if a defendant shows a material change in economic circumstances, see United States v. Jaffe, 417 F.3d 259, 267 (2d Cir. 2005). Mr. Rivera has not met this burden. He argues that COVID-19 caused a "glitch in [his] economic circumstance[s]" because pandemic-related lockdowns at FCI Gilmer have limited his employment opportunities. Motion,

Dkt. No. 439. These conclusory statements do not enable the Court to assess the pandemic's impact on Mr. Rivera's economic circumstances. See United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000) (requiring defendant to provide evidence showing "an objective comparison of [his] financial condition before and after a sentence is imposed"); see also United States v. Goodwin, No. 18-cr-72, 2021 WL 2637320, at *2 (D. Idaho June 25, 2021) (denying petition when defendant provided no evidence of his "financial conditions *before* and *after* the [COVID-19] lock-down"); United States v. Robertson, No. 14-cr-63, 2021 WL 1990183, at *2 (N.D. Tex. Apr. 30, 2021) (defendant's "conclusory allegations" related to COVID-19 were insufficient to prove material change in economic circumstances). Because Mr. Rivera has not shown a material change in his financial circumstances, the Court will not modify his restitution payment schedule under § 3664(k).

Mr. Rivera also asks the Court to consider ordering his obligation to pay restitution "null and void," arguing that, pursuant to 18 U.S.C. § 3613(b), "liability to pay restitution dissolves after 20 years from the entry of judgment." Motion, Dkt. No. 439. Mr. Rivera misreads § 3613(b), which reads in full: "The liability to pay restitution shall terminate on the date that is the *later of* 20 years from the entry of judgment *or 20 years after the release from imprisonment*" (emphasis added). Mr. Rivera remains incarcerated with an expected release date of November 2, 2043. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 25, 2021). Thus, in Mr. Rivera's case, § 3613(b) is not yet triggered; the statute will not be applicable until 20 years after he is released.

The motion is denied.

SO ORDERED.

Dated:  Brooklyn, New York                     /s/ Raymond J. Dearie_____
        October 26, 2021                            RAYMOND J. DEARIE
                                                         United States District Judge